UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF PENELOPE REYES-WILSON, Deceased, by and through her future appointed Personal Representative CLINT WILSON and as surviving spouse, and CLINT WILSON, an individual,<br><br>               Plaintiffs,<br><br>   v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, a New York company authorized by the State of Idaho, Department of Insurance, to transact business in the State of Idaho,<br><br>    Defendant, Counterclaimant and Third Party Plaintiff,<br><br>   v.<br><br>J.H., a minor child, G.H.,<br><br>   Third Party Defendants, | Case No. 1:10-CV-288-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Third Party Plaintiff Metropolitan Life Insurance Company's Motion to Deposit Funds into the Registry of the Court, for Discharge and Dismissal, and for Award of Attorneys' Fees and Costs (Dkt. 11). For the reasons set forth below, the

Court will grant Metlife's Motion.

## BACKGROUND

Penelope Reyes-Wilson was employed by Citgroup, Inc. Her employee benefit plan included a life insurance policy, Group Master Policy No. 00919099, issued and administered by Metropolitan Life Insurance Company. The life insurance policy carries death benefits valued at $36,000.00. These benefits became payable to Ms. Reyes-Wilson at the time of her death.

Ms. Reyes-Wilson died of a gunshot wound to the abdomen on November 2008. She left a suicide note. On March 9, 2010, Clint Wilson, Ms. Reyes-Wilson's husband, submitted a claim for death benefits.

Before distributing the death benefits to Mr. Wilson, Metlife received a letter dated March 11, 2010 from the Idaho State Department Insurance asking Metlife to refrain from distributing the death benefits to Mr. Wilson because the State had evidence suggesting that Ms. Reyes-Wilson did not commit suicide and Mr. Wilson may have been involved in her death. To date, the questions surrounding Ms. Reyes-Wilson's alleged suicide have not been answered, and Mr. Wilson remains a suspect in her death.

No charges, however, have been filed against Mr. Wilson in connection with the death of Ms. Reyes-Wilson. But if it is determined that Mr. Wilson contributed to Ms. Reyes-Wilson's death, he will be prohibited under Idaho Code § 15-2-803 from collecting the death benefits payable by Metlife, and such proceeds will instead be awarded to Ms. Reyes-Wilson's minor children.

Metlife remains ready, willing and able to pay the death benefits in accordance with the terms of the employee benefit plan, but it cannot determine the proper beneficiary or beneficiaries of the life insurance benefits at issue without risking exposure of itself to multiple liability. As a disinterested stakeholder claiming no beneficial interest in the death benefits and seeking merely to discharge its duty, Metlife filed an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

Metlife now seeks an order allowing it to deposit the death benefits, plus any applicable, in the Registry of the Court. In addition, Metlife moves the Court to: (1) dismiss it as a party to this action; (2) enjoin Plaintiffs from prosecuting future claims on the same policy; and (3) award Metlife attorneys' fees and costs for bringing the interpleader action.

## LEGAL STANDARD

A plaintiff may bring an interpleader action before a federal court in one of two ways. The party may employ either the federal interpleader statute, 28 U.S.C. § 1335, or Federal Rule of Civil Procedure 22(1). Interpleader actions brought under Rule 22(1) do not confer subject matter jurisdiction on a federal court. *Gelfgren v. Republic National Life Insurance Co.*, 680 F.2d 79, 81 (9th Cir.1982). Therefore, a party bringing an interpleader action under Rule 22 must establish subject matter jurisdiction under 28 U..S.C. § 1331 (federal question) or § 1332 (diversity of citizenship). *Gelfgren*, 680 F.2d at 81.

The federal courts do not distinguish statutory from rule-based interpleader when

addressing many issues, such as the award of attorneys' fees and costs. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 1703 & 1717 (3d ed.2001). However, in this case, it is important to note that the two types of interpleader action are treated differently when the court considers providing injunctive relief. *General Railway Signal Co. v. Corcoran*, 921 F.2d 700, 706-707 (7th Cir. 1991); Wright et al., supra, § 1717.

Metlife properly brought this interpleader action as a federal question, pursuant to Rule 22 and the Employee Retirement Income Security Act of 1974 ("ERISA"). Neither party has argued that subject matter jurisdiction exists based on diversity of citizenship. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1983) (Jurisdiction may not be sustained on a theory that a party has not advanced.). For these reasons, and as discussed more fully below, the Court will apply the law that governs federal question interpleader brought under Rule 22(1).

## ANALYSIS

1. **Motion for Discharge and Dismissal**

Plaintiffs do not object to Metlife depositing the plan funds with all applicable interest into the Court. "Discharge of a disinterested stakeholder is generally granted once the stakeholder has deposited all funds owed to the claimants into the registry of the court." *Life Ins. Co. of North America v. Thorngren,* No. CV-04-464-S-BLW, 2005 WL 2387596, *2 (D.Idaho Sept. 27, 2005). Therefore, once Metlife has deposited the death benefits and applicable interest into the Registry of the Court, it will be discharged and

dismissed.

**2.    Motion for Restraining Order**

Plaintiffs also do not object to Metlife's request to enjoin Plaintiffs from prosecuting future claims on the same policy in another court.  A restraining order is not automatic in a Rule 22 interpleader action  *Id.* (citing *Cordner v. Metropolitan Life Insurance Company*, 234 F.Supp. 765, 768 (S.D.N.Y.1964)).  Rather, a court may restrain a party from filing a duplicative action only when there is an actual threat to either the stakeholder or the proceedings currently before the court.  *Id.*  No such showing has been made here.  But because Plaintiffs do not object, the Court will grant the request to enjoin Plaintiffs from filing future claims on the same policy.

**3.    Motion for Attorneys' Fees**

Plaintiffs object, however, to Metlife's request for attorneys' fees and costs.  They claim instead claim that they should be awarded fees and costs pursuant to Idaho Code § 41-1839.

Plaintiffs' argument fails, however, because federal law – not Idaho Code § 41-1839 – governs this action.  And federal courts generally award a disinterested stakeholder the fees and costs associated with bringing an interpleader action and depositing the funds with the court.  *Trustees of Directors Guild of America-Producer Pension Benefit Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000).  Additionally, the Ninth Circuit has determined that fees and costs should not be awarded against a stakeholder unless there is evidence that the stakeholder acted in bad faith.  *Gelfgren*, 680 F.2d at 81.

Here, there is no evidence that Metlife acted in bad faith by refusing to disperse the death benefits to Mr. Wilson. Metlife had a legitimate basis for questioning whether Mr. Wilson should receive the benefits – i.e., a letter from a Senior Fraud Investigator of the Department of Insurance stating that Mr Wilson was a suspect in his wife's death. If Wilson were convicted of murdering his wife, Idaho's Slayer Statute would prohibit Wilson from receiving the death benefits. Idaho Code § 15-2-803 (2010). Furthermore, even if Mr. Wilson were not disqualified from receiving the death benefits as a consequence of a criminal proceeding, a civil cause of action could be brought against him to disqualify him from receiving the benefits. Under these facts, Metlife had a reasonable basis for withholding payment.

Accordingly, the Court finds that Metlife is entitled to its fees and costs in connection with filing the interpleader, and Plaintiffs are not.

Moreover, the Court finds that Metlife's request for fees and costs in the amount of $3,907 is reasonable. In interpleader actions, the scope of compensable expenses is usually limited to preparing the complaint, obtaining service of process, and preparing an order discharging the stakeholder from liability and dismissing it from the action. *Tise*, 234 F.3d at 426. Because the allowed expenses is limited, "attorneys' fee awards to the' disinterested' interpleader plaintiff are typically modest." *Id.* The amount requested by Metlife falls in line with those commonly granted to interpleader plaintiffs. *Id.* Accordingly, the Court will award the amount requested in this case.

## ORDER

IT IS ORDERED that Third Party Plaintiff Metropolitan Life Insurance Company's Motion to Deposit Funds into the Registry of the Court, for Discharge and Dismissal, and for Award of Attorneys' Fees and Costs (Dkt. 11) is GRANTED.

IT IS FURTHER ORDERED that the Clerk accept and record MetLife's deposit of the group life insurance benefits in the amount of $36,000, payable under the Citigroup, Inc. Group Universal Life Insurance Plan for the Employees of the Employer ("Plan").

IT IS FURTHER ORDERED that the Clerk invest the group life insurance benefits in the amount of $36,000 ("Plan Benefits"), plus any applicable interest, in an automatically renewable account, in the name of the Clerk of the Court, U.S. District Court, at an institution chosen by the Clerk's office, said funds to remain invested pending further order of the Court.

IT IS FURTHER ORDERED that the Clerk shall be authorized to deduct a fee from the income earned on the investment equal to 10 percent of the income earned while the funds are held in the Court's registry fund, regardless of the nature of the case underlying the investment and without further order of the Court. The interest payable to the U.S. Courts shall be paid prior to any other distribution of the account. Investments having a maturity date will be assessed the fee at the time the investment instrument matures.

IT IS FURTHER ORDERED that counsel presenting this order personally serve a copy thereof on the Clerk or his or her financial deputy.

IT IS FURTHER ORDERED that MetLife shall be awarded attorneys' fees and costs in the amount of $3,907. Such amount is to be paid to MetLife from the interpleaded funds deposited with the Registry of the Court.

IT IS FURTHER ORDERED that MetLife, Citigroup, Inc., and the Plan are hereby discharged from any further liability in connection with the Plan Benefits plus any applicable interest payable as a consequence of the death of Penelope Reyes-Wilson.

IT IS FURTHER ORDERED upon deposit of the Plan Benefits, plus any applicable interest into the Registry of the Court, the Plaintiffs and Third-Party Defendants are enjoined and restrained from instituting an action or proceeding in any state or United States court against MetLife, Citigroup, Inc., or the Plan for the Plan Benefits, plus any applicable interest payable as a consequence of the death of Ms. Reyes-Wilson.

IT IS FURTHER ORDERED that upon deposit of the Plan Benefits, plus any applicable interest, with the Registry of the Court, MetLife shall be dismissed from this action with prejudice.

DATED: **December 17, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge