UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF PENELOPE REYES-WILSON, Deceased, by and through her future appointed Personal Representative CLINT WILSON and as surviving spouse, and CLINT WILSON, an individual,<br><br>    Plaintiffs,<br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Defendant, Counterclaimant, and Third Party Plaintiff,<br><br>v.<br><br>J. H, a minor child, G. H., a minor child, and S. H., a minor child,<br><br>    Third Party Defendants. | Case No. 1:10-CV-288-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion for Entry of Order Dismissing Third Party Complaint and Entry of Order to Disburse Funds Deposited in Court to the Estate of Penelope Reyes-Wilson & Clint Wilson (Dkt. 17). Plaintiffs contend that Third Party Plantiff Metropolitan Life Insurance Company (Metlife) failed to serve the Third Party

Defendants J.H., G.H., and S.H. Third Party Defendants are the minor children of Plaintiff Clint Black, and the decendent, Penelope Reyes-Wilson. For the reasons set forth below, the Court will deny Plaintiffs' motion without prejudice.

## ANALYSIS

The decedent, Penelope Reyes-Wilson, was employed by Citgroup, Inc. Her employee benefit plan included a life insurance policy, Group Master Policy No. 00919099, issued and administered by Metlife. The life insurance policy carries death benefits valued at $36,000. Ms. Reyes-Wilson died of a gunshot wound to the abdomen and the death benefits became payable under the Citigroup employee benefit plan.

Metlife, however, refuses to disperse the death benefits to the father, Clint Black, because he is a suspect in his wife's death. Instead, claiming no beneficial interest in the benefits and as a disinterested stakeholder seeking merely to discharge it duty, Metlife filed an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. It named the Estate of Penelope Reyes-Wilson and Clint Wilson as counterclaim defendants, and the minor children, J.H., G.H., and S.H., as third party defendants. Each of these parties has a potential claim to the death benefits.

On December 17, 2010, the Court granted Metlife's motion to deposit the death benefits in the Court registry. The Court also stated that Metlife would be dismissed from this action with prejudice once the funds had been deposited. *Memorandum Decision and Order* at 8, Dkt. 16. On February 1, 2011, however, Plaintiffs filed a Motion for Entry of

Order Dismissing the Third Party Complaint and Entry of Order to Disburse Funds Deposited in Court to the Estate of Penelope Reyes-Wilson & Clint Wilson.  Plaintiffs claim that Metlife has failed to personally serve the minor children and more than 120 days have transpired since the filing of the Complaint.  *Motion to Dismiss* at 2, Dkt.  17.

Presumably, the minor children's current guardian is their father, Clint Black, who has a competing interest in the death benefits.  And at the time Plaintiffs filed the motion to dismiss, the minor children did not have counsel and had not been appointed a guardian ad litem.  Therefore, the minor children did not respond to the motion to dismiss.  Only recently, on March 4, 2011, were the minor children appointed pro bono counsel.  *Order Appointing Pro Bono Counsel*, Dkt.  18.  Appointed counsel filed a Notice of Appearance on March 11, 2011.  Because the minor children were not represented at the time the motion to dismiss was filed, the Court will deny Plaintiffs' motion without prejudice. The Court will extend the 120 day period for effecting service for an additional 120 days. *Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654)("[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'")

In addition, the Court declines to dismiss Metlife until the service issues have been resolved.  Metlife must either show that service was properly effectuated during the initial 120-day period, or must effect proper service on the minor children as prescribed by the Federal Rules of Civil Procedure within the extended time period.  At that time, Metlife shall be promptly dismissed from this action.

MEMORANDUM DECISION AND ORDER - 3

MEMORANDUM DECISION AND ORDER - 3

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Order Dismissing Third Party Complaint and Entry of Order to Disburse Funds Deposited in Court to the Estate of Penelope Reyes-Wilson & Clint Wilson (Dkt. 17) is DISMISSED without prejudice. The Court will extend the 120 day period for effecting service for an additional 120 days. Metlife shall be promptly dismissed once any service issues have been resolved.

DATED: **March 16, 2011**

B. LYNN WINMILL
Chief Judge U.S. District Court